UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 28 2004

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| VS. | § § | NO. 4-04-CV-080 |
| DETCO INDUSTRIES, INC. | § § § | JUDGE |
| Defendant. | § § | |

This case assigned to
MAG. JUDGE Cavaneau

## COMPLAINT

Scottsdale Insurance Company (Scottsdale) brings this Complaint against Detco Industries, Inc. (Detco), and avers that:

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and for affirmative relief. Scottsdale seeks a declaration that it does not have a duty to defend Detco in respect of three (3) underlying class action lawsuits brought against Detco by numerous individuals and/or business entities, and that Scottsdale has no duty to pay any sums that Detco may be legally obligated to pay the plaintiffs in the three (3) underlying class action lawsuits. In the alternative, Scottsdale seeks a declaration that its obligation to pay any sums that Detco may be legally obligated to pay the plaintiffs in the three (3) underlying class action lawsuits, if any, does not attach unless and until the amount of Detco's legally liability to each plaintiff exceeds a $10,000 per claimant deductible applicable to both bodily injury and property damage. Scottsdale also seeks affirmative relief in the nature of reimbursement of certain investigative expenses it incurred at Detco's request.

2. Scottsdale is a stock insurance company incorporated in the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale is duly authorized to engage in the business of

insurance in the State of Arkansas.

3. Detco is an Arkansas corporation with its principal place of business in Conway, Arkansas. Detco can be served through its registered agent, Edmund Carter Trey Elliott, Jr. at 605 E. Robbins, Conway, Arkansas 72032.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity exists between Scottsdale and Detco, as Scottsdale is both an Arizona and Ohio citizen, while Detco is an Arkansas citizen. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper under 28 U.S.C. § 1391 (a) (1) and (2).

6. This action involves a case or controversy because Scottsdale seeks a determination of its contractual obligations to Detco under policies of insurance it issued to Detco in respect of three (3) underlying class action lawsuits pending against Detco.

7. Scottsdale and Detco entered into general liability insurance contract no. BCS0006118, in effect for the period June 24, 2003-04. A true and correct copy of this policy is attached as Exhibit 1.

8. Scottsdale and Detco entered into excess liability insurance contract no. BCS0000693, in effect for the period June 24, 2003-04. A true and correct copy of this policy is attached as Exhibit 2.

9. The aforementioned policies issued by Scottsdale to Detco are collectively referred to as "the Scottsdale Policies."

10. On or about January 6, 2004, an explosion occurred at Detco's manufacturing facility in Conway, Arkansas. Thereafter, Detco was named as a defendant in three (3) separate class action lawsuits filed in Faulkner County, Arkansas: (1) *Conley v. Detco*, Suit No. CV-2004-11; (2) *Brenda Alexander v. Detco*, Suit No. CV-2004-32; and (3) *Jamie Brown v. Detco*, Suit No. CV-2004-23 (the

"Underlying Actions").

11.     The plaintiffs in the Underlying Actions allege that Detco's warehouse burst into flames releasing toxic chemicals throughout the City of Conway and as far as 30 miles down Interstate 40 toward Little Rock, Arkansas; an evacuation was necessitated by the possibility of exposure to hydrofluoric acid, sulfuric acid and methanol; plaintiffs were forced to seek medical treatment as a result of the exposure to chemical fumes; and noxious fumes spread over Conway and Faulkner County, Arkansas, causing damages to the Plaintiffs. The plaintiffs in the Underlying Actions also seek an order requiring Detco to establish a medical monitoring fund for future damages which may occur because of alleged exposures to the lethal and highly toxic chemicals; and that the medical monitoring fund be set for the purpose of ensuring persons who have been injured by the release of toxic air into the community that sufficient funds will be available in the future if other diseases and/or birth defects occur because of these alleged chemical exposures.

12.     The Scottsdale Policies provide, in pertinent part, as follows:

> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.    Insuring Agreement
>
>> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....
>>
>> b.    This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.

13. The term "occurrence" is defined by the Scottsdale Policies as follows:

   > "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. The term "bodily injury" is defined by the Scottsdale Policies as follows:

   > "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

15. The term "property damage" is defined by the Scottsdale Policies as follows:

   > a. Physical injury to tangible property, including all resulting loss of use of that property. all such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   >
   > b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. The Scottsdale Policies contain the following exclusions:

This insurance does not apply to:

d. Workers' Compensation And Similar Laws

   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. Employer's Liability

"Bodily Injury" to:

(1)   An "employee" of the insured arising out of and in the course of:
   (a)   Employment by the insured; or
   (b)   Performing duties related to the conduct of the insured's business; or
(2)   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)   Whether the insured may be liable as an employer or in any other capacity; and
(2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

17.   The Scottsdale Policies also contain the following endorsements:

A.   <u>Punitive or Exemplary Damage Exclusion</u>

In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

B.   <u>Total Pollution Exclusion Endorsement</u>

This insurance does not apply to:

f.   Pollution

   (1)   "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   (2)   Any loss, cost or expense arising out of any:

      (a)   Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove,

5

contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

The term "pollutants" is defined elsewhere in the Scottsdale policies as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

C. Bodily Injury, Property Damage, Personal and Advertising Injury Liability Deductible

SCHEDULE

| Coverage | Amount and Basis of Deductible |
| --- | --- |
| Bodily Injury Liability | $10,000 per claimant |
| Property Damage Liability | $10,000 per claimant |

1. [Scottsdale's] obligation under the Bodily Injury Liability [and] Property Damage Liability ... Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages...

\* \* \*

The deductible amounts stated in the Schedule above apply, respectively:

a. Under the Bodily Injury Liability Coverage to all damages because of "bodily injury" sustained by one person;

b. Under Property Damage Liability Coverage to all damages because of "property damage" sustained by one person, any organization or association; or

\* \* \*

6

## I. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO SCOTTSDALE'S ALLEGED DUTIES TO DEFEND AND INDEMNITY DETCO

18.     Scottsdale realleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

19.     Scottsdale seeks a judgment declaring the rights and duties of Scottsdale and Detco relative to an actual controversy between Scottsdale and Detco regarding the construction and application of the Scottsdale Policies in respect of the Underlying Actions.

20.     Scottsdale has no duty to defend Detco or pay any sums that Detco may be legally obligated to pay the Plaintiffs in the Underlying Actions for the following reasons:

- Coverage for the Underlying Actions is excluded by the Scottsdale Policies' pollution exclusion because the pollution exclusion is triggered by a discharge, dispersal, seepage, migration, release or escape of "pollutants"; the term "pollutants" is defined by the Scottsdale Policies as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste...."; and the Underlying Actions specifically allege that the plaintiffs therein were or may have been exposed to "toxic chemicals" (including hydrochloric acid, sulphuric acid and methanol) that were released from Detco's facility and spread over Conway and Faulkner County.

- Coverage is not provided by the Scottsdale Policies for Detco's alleged liability in the Underlying Actions to any of its employees who allegedly sustained "bodily injury" because of the Workers' Compensation and Employer's Liability exclusions quoted above.

- Any award of punitive or exemplary damages rendered against Detco in the Underlying Actions is excluded by the Scottsdale Policies' Punitive or Exemplary Damage Exclusion.

21. In addition, Scottsdale may not have a duty to defend Detco and/or pay any sums that Detco may be legally obligated to pay the plaintiffs in the Underlying Actions, to the extent that:

- some or all of the underlying plaintiffs' alleged injuries or damages do not constitute "bodily injury" or "property damage," as those terms are defined by the Scottsdale Policies;

- any recovery (or element thereof) by the plaintiffs does not fall within the meaning of the term "damages" in the Scottsdale Policies.

22. On information and belief, Detco will dispute some or all of Scottsdale's contentions in the foregoing paragraphs.

## II. SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO APPLICABILITY OF THE PER CLAIMANT DEDUCTIBLE IN POLICY NO. BCS0006118

23. Scottsdale realleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

24. In the alternative, and only in the event this Court determines that Scottsdale is obligated to pay any sums that Detco may be legally obligated to pay one or more plaintiffs in the Underlying Actions, which is disclaimed, Scottsdale's obligation to make any such payments does not attach unless and until the amount of Detco's legal liability to each plaintiff in the Underlying Actions exceeds a $10,000 per claimant deductible applicable to both bodily injury and property damage claims.

## III. THIRD CAUSE OF ACTION FOR REIMBURSEMENT OF CERTAIN INVESTIGATIVE COSTS

25. Scottsdale realleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

26. Notwithstanding the above-described controversy, Scottsdale has undertaken to defend Detco in the Underlying Actions, subject to a reservation of rights (attached as Exhibit 3).

27. Subsequent to Scottsdale's issuance of its reservation of rights, Detco requested that Scottsdale pay/reimburse ongoing environmental monitoring costs incurred by the Center for Toxicological and Environmental Health ("CTEH").

28. In a letter dated January 16, 2004, Scottsdale agreed to pay such costs prospectively, subject to its prior reservation of rights position and the right to seek reimbursement from Detco of all fees/costs paid to or on behalf of Detco in the event there is a determination that coverage for the claims at issue in the Underlying Actions is not provided by the Scottsdale Policies and/or that coverage for such fees/costs is otherwise not encompassed by the Scottsdale Policies (Exhibit 4).

29. Since, for the reasons alleged above, there is no coverage for the claims at issue in the Underlying Actions, Scottsdale is entitled to recover the CTEH environmental monitoring fees/costs it paid at the request of Detco.

WHEREFORE, Scottsdale respectfully requests:

    A. That this Court determine and adjudicate the rights and liabilities of the parties to this action under the Scottsdale Policies in respect of the Underlying Actions;

    B. That this Court find and declare that Scottsdale has no duty to defend Detco or to pay any sums that Detco may be legally obligated to pay with respect to the Underlying Actions;

C. In the alternative, that this Court find and declare that any obligation Scottsdale may have to pay any sums that Detco may be legally obligated to pay the plaintiffs in the Underlying Actions does not attach unless and until the amount of Detco's legal liability to each plaintiff in the Underlying Actions exceeds $10,000 with respect to both bodily injury and property damage claims.

D. That the Court award Scottsdale reimbursement of fees and expenses paid by Scottsdale to CTEH;

E. That Detco, its attorneys and agents be restrained and prohibited from filing or prosecuting any action in any other court in this cause upon the Scottsdale Policies; and

F. That the Court grant such other and further relief as it may deem just and proper, including the attorney's fees, costs, and disbursements incurred by Scottsdale in this action.

Respectfully submitted,

By: /s/ James W. Tilley

James W. Tilley, (80148)
WATTS, DONOVAN & TILLEY, P.A.
200 S. Commerce, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 372-1406
Facsimile: (501) 372-1209

STEPHEN P. HALL
La. State Bar No. 01934
PHELPS DUNBAR L.L.P.
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telefax: (504) 568-9130

ATTORNEYS FOR SCOTTSDALE
INSURANCE COMPANY

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*