FEB 1 ... 

JAMES W. McCORMACK CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § | CIVIL ACTION |
| Plaintiff | § § | NO. 4-04-CV 080 JWC |
| VS. | § § | |
| DETCO INDUSTRIES, INC | § § | |
| Defendant | § | |

ANSWER TO COMPLAINT

COMES now the Defendant, Detco Industries, Inc and for its Answer to Complaint states as follows:

1. Defendant acknowledges that the Plaintiff is seeking declaration from this court, but denies that it is entitled to any such declaration.

2. Defendant has no knowledge of allegations of paragraph two as stated other than it is an authorized insurance company doing business in the State of Arkansas, therefore must deny.

3. Allegations of paragraph three are admitted.

4. Defendant admits that the amount in controversy exceeds $75,000.00 and that Detco is an Arkansas citizen, but has not no knowledge of remaining allegations concerning residents of the Plaintiff, therefore must deny.

This Defendant further denies that this court has subject matter jurisdiction or jurisdiction over these parties, but rather, this matter should be transferred to state

3

court in Faulkner County, Arkansas and Defendant reserves the right to file a separate motion to that affect.

5. Allegations of paragraph five are denied.

6. Defendant admits that Plaintiff is seeking a declaration of its contractual obligations under policies of insurance issued to this Defendant and further, that there are three underlying class action lawsuits pending against Detco, but denies that Plaintiff is entitled to any such relief.

7. Defendant admits that there is an Exhibit 1 attached, but denies that it provides for the relief requested by this Plaintiff and further, affirmatively alleges that Scottsdale has provided a policy of insurance to this Defendant for a number of years and that the policy in question is not the only policy previously issued by this Plaintiff to this Defendant.

8. Defendant admits that there is an Exhibit 2 attached, but affirmatively alleges that Scottsdale has provided a policy of insurance to this Defendant for a number of years and that the policy in question is not the only policy previously issued by this Plaintiff to this Defendant.

9. Defendant acknowledges allegations of paragraph nine.

10. Allegations of paragraph ten are denied.

11. Defendant admits that two of the actions filed seek damages for personal injury, but denies that all three actions filed seek damages for personal injury, a copy of the complaints are attached hereto and marked **exhibits 1, 2 and 3**.

All other allegations in conflict with the actual allegations in the attached exhibits 1, 2 and 3 are denied.

12. Defendant acknowledges and admit that the Scottsdale issued policies of insurance, but deny that the allegations concerning bodily injury and property damage are valid, but rather affirmatively alleges that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

13. Defendant acknowledges that the Scottsdale policies have provisions purporting to exclude coverage, but deny that such provisions are valid, but rather affirmatively allege that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

14. Defendant acknowledges that the Scottsdale policies have provisions purporting to exclude coverage, but deny that such provisions are valid, but rather affirmatively allege that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

15. Defendant acknowledges that the Scottsdale policies have provisions

purporting to exclude coverage, but deny that such provisions are valid, but rather affirmatively allege that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

16.   Defendant acknowledges that the Scottsdale policies have provisions purporting to exclude coverage, but deny that such provisions are valid, but rather affirmatively allege that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

17.   Defendant acknowledges that the Scottsdale policies have provisions purporting to exclude coverage, but deny that such provisions are valid, but rather affirmatively allege that they are ambiguous, unconscionable and the allegations are contrary to the actions taken by the plaintiff herein and as a result, the language as set forth in the complaint and attachments concerning bodily injury and property damage are void as to this defendant.

## I. FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO SCOTTSDALE'S ALLEGED DUTIES TO DEFEND AND INDEMNITY DETCO

18.   Defendant adopts and reaffirms all previous responses to the allegations set forth herein.

19.   Defendants acknowledge that the Plaintiff is seeking a judgement

declaring the rights and duties of the plaintiff with respect to the policies in question, but deny that they are entitled to the relief requested herein.

20. Defendant denies allegations of paragraph twenty.

21. Defendant denies allegations of paragraph twenty one.

22. Defendant admits allegations of paragraph twenty two and affirmatively allege that they dispute all of the plaintiffs contentions set forth in the above mentioned paragraphs.

## II. SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO APPLICABILITY OF THE PER CLAIMANT DEDUCTIBLE IN POLICY NO. BCS0003118

23. Defendant adopts and reaffirms all previous responses.

24. Allegations of paragraph twenty four are denied.

## III. THIRD CAUSE OF ACTION FOR REIMBURSEMENT OF CERTAIN INVESTIGATIVE COSTS

25. Defendant adopts and reaffirms all previous responses.

26. Defendant admits that the plaintiff has undertaken the obligation and responsibility that it has under the terms of its contract to defend Detco, certified copies of the answers filed by the attorney assigned to defend those allegations are attached hereto and made a part hereof, marked **Exhibits 4 and 5.**

27. Allegations of paragraph twenty seven are denied, but rather affirmatively alleges that the Defendant has demanded that the Plaintiff reimburse the Defendant for all environmental monitoring and testing, not only for CTEH but for all other expenses that have been paid by the Defendant and further have

demanded that the Plaintiff pay other expenses incurred in environmental monitoring and testing that have been billed to this Defendant.

That Defendant further affirmatively alleges that these costs and expenses have been incurred with the approval and consent of the Plaintiffs attorney, hired to defend these separate actions filed against the Defendant and that said expenses are defense costs incurred for the benefit of this plaintiff, as evidenced by the attached correspondence from the attorney assigned to defend the actions referred to herein by the Plaintiff, attached hereto marked **Exhibits 6, 7 and 8.**

28.     Defendant admits that there is an exhibit 4 attached, but denies that it is binding on or against this defendant or otherwise valid.

29.     Allegations of paragraph twenty nine are denied.

30.     Affirmatively, Defendant alleges that the language of the policy set forth in said policy has been drafted and prepared by the Plaintiff, that it is ambiguous and unclear and further it is unconscionable and therefore should be interpreted against the plaintiff and liberally construed in favor of this Defendant.

31.     That Defendant further affirmatively alleges that the Plaintiff should be estopped to deny coverage under the terms of the policy issued to this plaintiff but rather should be ordered and directed to provide coverage for the complaint made against this plaintiff as set forth in exhibits 1, 2 & 3 and that may be hereinafter filed, because the Defendant has relied upon representation and statements and actions of the plaintiff in assigning counsel and statements of their agent in per

curing the insurance and for all actions taken herein by the defendant, all of which have been relied upon by the Defendant.

32. That Defendants further affirmatively allege that Plaintiff should be estopped from recovering any expenses paid by it, but rather should be ordered and directed to pay those expenses not yet paid as well as those that may be incurred in the future in environmental monitoring and testing expenses that have been incurred and that might still be incurred as defense costs.

33. That the actions of the Plaintiff by and through its counsel and by Plaintiff itself were relied upon by this Defendant at all times from the day of the fire and continuing through the present time, and that they are legitimate defense cost expenses and are otherwise covered by the policies of insurance issued by the Plaintiff and they should therefore be estopped to deny coverage and/or responsibility for payment of claims, for defending the claims, payment of any cost incurred as alleged herein and should be estopped from denying coverage for those claims filed and that might be filed.

WHEREFORE, Defendant pray that Plaintiff take nothing by its complaint; that Defendant be awarded its costs and attorney fees incurred in defending this action and for all other relief.

_____
William Clay Brazil

Brazil, Adlong, Aydelott & Winningham
Attorneys at Law
719 Harkrider, Suite 201
Conway, Arkansas 72032
501-327-4457

## CERTIFICATE OF SERVICE

I, William Clay Brazil, do hereby state that true and correct copy of the above and foregoing was placed in the U.S. Mail on this 11 day of February, 2004 and mailed to:

Mr. James W. Tilley
Attorney at Law
200 S. Commerce, Suite 200
Little Rock, AR 72201

_____
William Clay Brazil

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*