FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 5 2004

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § | CIVIL ACTION |
| Plaintiff | § § | NO. 4-04-CV 080 JWC |
| VS. | § § | |
| DETCO INDUSTRIES, INC | § § § | |
| Defendant | | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTNERNATIVE, MOTION TO STAY OR TRANSFER

Comes now the Defendant, Detco Industries, Inc., by and through its attorney, William C. Brazil, and for its Brief in Support of Motion to Dismiss, or, in the Alternative, Motion to Stay or Transfer, does state as follows:

### Statement of Facts

On January 6, 2004, a fire occurred at Detco Industries' ("Detco") manufacturing facility. Subsequently, four (4) class action lawsuits were filed against Detco in Faulkner County, Arkansas: (1) *Conley v. Detco*, No. CV-2004-11; (2) *Brenda Alexander v. Detco*, No. CV-2004-32; and (3) *Jamie Brown v. Detco*, No. CV-2004-23; and *Crotts v. Detco,* No. CV-2004-82. See Complaints in Underlying Actions, which are attached to the Motion as Exhibit A. In these underlying actions, the plaintiffs alleged that they were exposed to toxic chemicals as a result of the fire, and that they were forced to seek medical treatment due to their exposure to the chemical fumes. Scottsdale Insurance Company ("Scottsdale"), the plaintiff in the instant declaratory judgment action, is defending Detco in the underlying actions, subject to a reservation of rights.

On January 28, 2004, Scottsdale filed this declaratory judgment action against its insured, Detco, in which it sought a determination of its obligations to Detco. In its complaint, Scottsdale contends that it has no duty to defend Detco or pay any sums that Detco may be legally obligated to pay the plaintiffs in the underlying actions, in part, because of a Scottsdale Policies' pollution exclusion, which is triggered by a "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" The complaint defines "pollutants" as "'solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste . . ." The complaint then notes that the "Underlying Actions specially allege that the plaintiffs therein were or may have been exposed to 'toxic chemicals' (including hydrochloric acid, sulphuric acid and methanol) that were released from Detco's facility and spread over Conway and Faulkner County." See Complaint, para. 20. Plaintiffs seek damages for alleged physical injuries and economic damage.

Scottsdale further contends that it has no duty to defend Detco or pay any sums that Detco may be legally obligated to pay the plaintiff-employees in the underlying actions who allegedly sustained "bodily injury." See Complaint, para. 20. In addition, Scottsdale contends that it is not obligated to defend against or pay plaintiffs in the underlying action any award of punitive or exemplary damage based on a policy exclusion or for any injuries or damages that do not constitute "bodily injury" or "property damage," as defined in the policy. See Complaint, para. 20-21.

## Discussion

Based on the common parties, similar issues and arguments, and the same insurance policies in the underlying state actions and the instant declaratory judgment

action, this Court must exercise its discretion to dismiss, or in the alternative, stay or transfer this action. In Capitol Indem. Corp. v. Haverfield, 218 F.3d 872 (8th Cir. 2000), the Eighth Circuit discussed the standard for determining when a federal declaratory judgment action should be dismissed or stayed as follows:

> In Wilton [v. Seven Falls Co., 515 U.S. 277 (1995)], the Supreme Court considered the appropriate standard governing a district court's decision to dismiss or stay a federal declaratory judgment action during the pendency of parallel state court proceedings and adopted the discretionary standard set forth in its 1942 decision in Brillhart v. Excess Ins. Co., 316 U.S. 491, L.Ed. 1620, 62 S.Ct. 1173 (1942). (citations omitted) Under Brillhart, the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court. See Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 282. If so, the district court must dismiss the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495.

Capitol Indem Corp. v. Haverfield, 218 F.3d 872, 874-75 (8th Cir. 2000). In the Capitol Indem. Corp. case, Capitol Indemnity insured the Haverfields, doing business as Justin's Lounge, under both a commercial general liability policy and a commercial liquor liability insurance policy. When Michael Hunt, Jr. was fatally stabbed outside Justin's Lounge by a bar patron, Michael's parents sued the Haverfields in Missouri state court and claimed that the Haverfields negligently caused their son's death. Subsequently, Capitol Indemnity filed a declaratory judgment action in federal district court against the Haverfields in which it asked the court to declare that any claims arising from Michael Hunt's death were excluded from coverage under the insurance policies' assault and battery exclusion. The Missouri state court then found in favor of the Hunts, and the Hunts filed with the state court a Petition to Collect Insurance against the Haverfields and

Capitol Indemnity. In response, Capitol Indemnity added the Hunts as defendants in the federal action. The Hunts then moved to dismiss or stay the federal action and argued that Missouri state court was the proper forum for adjudicating the issues surrounding the insurance policies' coverage. The district court denied their motion. Thereafter, the federal district court and state court reached opposite conclusions as to whether Capitol Indemnity's insurance policies covered the Hunts' claims against the Haverfields. The Hunts appealed the district court's denial of their motion to stay or dismiss the declaratory judgment action. Capitol Indem. Corp. v. Haverfield, 218 F.3d at 873-74. Applying the standard that the United States Supreme Court set out in the Brillhart and Wilton cases, the Eighth Circuit reversed the district court and held as follows:

> We note at the outset the obvious similarities between the state and federal actions. Both actions involved the same parties, the same issue, the same insurance policies, and the same arguments. Moreover, determining whether Capitol Indemnity's insurance policies cover the Hunts' claims requires the courts to interpret the policies' assault and battery exclusion. Because the interpretation of insurance policies is governed by state law, (citation omitted) Missouri law also applies in both actions.
>
> * * * * *
>
> At the time the district court denied the Hunts' motion to dismiss or stay the federal proceeding, a parallel state court action was pending that presented the same issues between the same parties. Further, both actions were governed solely by state law. Thus, the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was unnecessarily duplicative and uneconomical. Accordingly, the district court abused its discretion by denying the Hunts' motion, and we reverse and remand to the district court with instructions that the case be dismissed.

Capitol Indem. Corp. v. Haverfield, 218 F.3d at 875.

As in the Capitol Indem. Corp. case, the instant declaratory judgment action and the underlying state court actions have common parties, similar issues and arguments, and the same insurance policies. Scottsdale has undertaken to

defend Detco in the underlying actions, and Scottsdale and Detco are the parties in the federal court action. In addition, based on Ark. Code Ann. § 23-89-101, plaintiffs in the underlying actions would have a direct claim against Scottsdale if they obtain a judgment in state court against Detco. Further, evidence of factual issues surrounding the fire are crucial to the resolution of both the underlying state actions and the instant federal declaratory judgment action. The prevailing issues and arguments in both the underlying actions and federal declaratory judgment action will be whether the plaintiffs in the underlying action suffered any physical injuries as a result of the fire at Detco's manufacturing facility, whether the alleged injuries were caused by toxic chemicals emitted as a result of the fire, and whether the evidence supports an award of punitive damages. Finally, Arkansas law must be applied in both actions to determine liability and to interpret the insurance policies at issue. Based on the precedent of the Capitol Indem. Corp. case, Arkansas state court is in a better position to adjudicate this matter and "permitting this federal action to proceed [would be] unnecessarily duplicative and uneconomical" such that this Court must exercise its discretion by dismissing or, in the alternative, staying or transferring this action. See Capitol Indem. Corp. v. Haverfield, 218 F.3d at 875.

Respectfully submitted,

DECTO INDUSTRIES, INC.

By: _____
William C. Brazil, ABA #67005
Brazil, Adlong, Aydelott &
Winningham, PLC

719 Harkrider, Suite 201<br>
Conway, AR 72032<br>
501-327-4457

## CERTIFICATE OF SERVICE

I, William Clay Brazil, do hereby state that true and correct copy of the above and foregoing was placed in the U.S. Mail on this ____ day of March, 2004 and mailed to:

Mr. James W. Tilley<br>
Attorney at Law<br>
200 S. Commerce, Suite 200<br>
Little Rock, AR 72201

_____<br>
William Clay Brazil

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*