FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 4 2004

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCOTTSDALE INSURANCE           *
COMPANY,                       *
                               *
            Plaintiff,         *
                               *
vs.                            *        No. 4:04cv0080 SWW
                               *
                               *
                               *
DETCO INDUSTRIES, INC.,        *
                               *
            Defendant.         *

## MEMORANDUM AND ORDER

This is a declaratory judgment action in which the plaintiff, Scottsdale Insurance

Company ("Scottsdale"), seeks a declaration that it does not have a duty to defend the defendant,

Detco Industries, Inc. ("Detco"), under two insurance policies,[1] with respect to three underlying

class action lawsuits filed in the Circuit Court of Faulkner County, Arkansas, following an

explosion and fire at Detco's manufacturing facility in Conway, Arkansas, on January 6, 2004:

*Conley v. Detco Industries, Inc.*, No. CV-2004-11; *Alexander v. Detco Industries, Inc.*, No. CV-

2004-32; and *Brown v. Detco Industries, Inc.*, No. CV-2004-23.[2]  Scottsdale also seeks a

declaration that it has no duty to pay any sums that Detco may be legally obligated to pay the

plaintiffs in the underlying class action lawsuits.  In the alternative, Scottsdale seeks a declaration

that its obligation to pay any sums that Detco may be legally obligated to pay the plaintiffs in the

---

[1] Primary Commercial General Liability Policy No. BCS0006118 and Excess Liability Policy No. XLS0017700.

[2] Apparently, a fourth class action lawsuit, *Crotts v. Detco Industries, Inc.*, No. CV-2004-82, has been filed in the Circuit Court of Faulkner County but Scottsdale states it is not aware of this lawsuit and has not yet been placed on notice of same by Detco.

underlying class action lawsuits does not attach unless and until the amount of Detco's legal liability to each plaintiff exceeds a $10,000 per claimant deductible applicable to both bodily liability and property damage.

Now before the Court is Detco's motion to dismiss Scottsdale's complaint or, in the alternative, motion to stay or transfer [doc.#6]. Detco argues that this Court must exercise its discretion to dismiss, stay, or transfer this action based on the common parties, similar issues and arguments, and the same insurance polices in the underlying state actions and the action now before this Court. Scottsdale has responded in opposition to Detco's motion and Detco has filed a reply to Scottsdale's response.

In determining whether to entertain a declaratory judgment action, a court "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action ... can be better settled by the state court." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citations omitted). Having carefully considered the scope and nature of the pending class actions in state court, this Court concludes that the issues raised in this federal declaratory judgment action can be better settled by the state court and that this Court must therefore decline to entertain this action.

Plaintiffs are suing Detco in state court to establish Detco's liability for their alleged damages. Specifically, plaintiffs in the underlying class action lawsuits allege, among other things, that Detco's warehouse burst into flames releasing toxic chemicals throughout the City of Conway and as far as 30 miles down Interstate 40 towards Little Rock, Arkansas; evacuation was necessitated by the possible exposure to hydrofluoric acid, sulfuric acid and methanol; plaintiffs were forced to seek medical treatment as a result of the exposure to chemical fumes; and noxious

2

fumes spread over Conway and Faulkner County, Arkansas causing damages to the plaintiffs.

Plaintiffs also seek an order requiring Detco to establish a medical monitoring fund for future

damages which may occur because of alleged exposures to the lethal and highly toxic chemicals.

In the case at bar, Scottsdale argues that coverage for the underlying actions is excluded

by the Scottsdale policies' pollution exclusion because the pollution exclusion is triggered by a

discharge, dispersal, seepage, migration, release or escape of "pollutants," and the term

"pollutants" is defined by the Scottsdale policies as "any solid, liquid, gaseous or thermal irritant

or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste...." In

this respect, argues Scottsdale, the underlying actions specifically allege that the plaintiffs were

or may have been exposed to "toxic chemicals" (including hydrochloric acid, sulphuric acid and

methanol) that were released from Detco's facility and spread over Conway and Faulkner

County. Scottsdale further argues that it "may" not have a duty to defend Detco and/or pay any

sums that Detco may be legally obligated to pay plaintiffs in the underlying actions (1) "to the

extent that" some or all of the plaintiffs' alleged injuries or damages do not constitute "bodily

injury" or "property damage," as those terms are defined by the Scottsdale policies,[3] and (2) "to

the extent that "any recovery (or element thereof) by the plaintiffs does not fall within the

meaning of the term "damages" in the Scottsdale policies.

An examination of the state and federal actions reveals that the state court would be in a

superior position to address the legal issues on which Scottsdale seeks a declaration of its

---

[3] Under the policies, "'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," and the term "property damage" is defined as "Physical injury to tangible property, including all resulting loss of use of that property," or "Loss of use of tangible property that is not physically injured." The "bodily injury" or "property damage" must be caused by an "occurrence," which means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

obligations.  Specifically, the issue of whether plaintiffs were exposed to "toxic chemicals" and suffered harm thereby is dependent upon facts that would necessarily be developed at trial of the underlying class action lawsuits and has a direct bearing on the determination of whether the pollution exclusion asserted by Scottsdale precludes coverage.  The record in this action – lacking as it does depositions, affidavits, etc. – is simply insufficient to address this question.[4]

Although it is true, as asserted by Scottsdale, that this federal declaratory judgment action does not parallel a state court action arising from the same facts in the sense that the arguments and issues are not precisely the same, this federal action does parallel the state actions in the sense that the ultimate legal determination in each depends on the same facts – facts that will be developed in state court.  "Courts should not be required to decide 'rights and other legal relations' in a vacuum," and without any factual record, there is a real possibility that this Court's declaration regarding coverage would conflict with a state court's determination of the coverage question after being informed of the facts as developed in state court.  *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990).

IT IS THEREFORE ORDERED that Detco's motion to dismiss be and it hereby is granted.  Judgment will be entered accordingly.

Dated this ___4[th]___ day of ___June___ 2004.

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The same is true of Scottsdale's alternative argument that, assuming coverage is found, its obligation to pay any sums that Detco may be legally obligated to pay the plaintiffs in the underlying class action lawsuits does not attach unless and until the amount of Detco's legal liability to each plaintiff exceeds a $10,000 per claimant deductible applicable to both bodily liability and property damage.

4

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _6-7-04_ BY _VH_

```
                    F I L E   C O P Y
                                                        vjt
              UNITED STATES DISTRICT COURT
               Eastern District of Arkansas
                    U.S. Court House
               600 West Capitol, Suite 402
              Little Rock, Arkansas 72201-3325


                      June 7, 2004
```

```
          * * MAILING CERTIFICATE OF CLERK * *
```

Re:   4:04-cv-00080.


True and correct copies of the attached were mailed by the clerk to the
following:


```
        James W. Tilley, Esq.
        Watts, Donovan & Tilley, P.A.
        200 South Commerce Street
        Suite 200
        Little Rock, AR   72201-1769

        Stephen P. Hall, Esq.
        Phelps Dunbar LLP
        Canal Place
        365 Canal Street
        Suite 2000
        New Orleans, LA   70130-6534

        William Clay Brazil, Esq.
        Brazil, Adlong, Aydelott & Winningham, PLC
        719 Harkrider
        Suite 201
        Conway, AR   72032

        cc: press, post
```

```
                              James W. McCormack, Clerk

        6/7/04                        V. Turner
Date: _____  BY: _____
```